JOHN McMILLON *v.* ISAAC McMILLON *et al.*

SURETY. *Release.* If a creditor files his claim in an insolvent proceeding, being a judgment at law, and it is reported in his favor *without interest*, no exception being taken, and the claim was allowed by the court and paid in full, the estate turning out solvent and leaving a surplus for distribution, the creditor cannot afterwards collect the interest or balance of the debt from a surety, the sum allowed and collected being received from the estate of the principal debtor.

FROM DECATUR.

Appeal from the Chancery Court at ———. G. W. NIXON, Ch.

G. W. WALTERS for complainant.

L. W. JONES for defendants.

McFARLAND, J., delivered the opinion of the court.

The allegations of the bill are, that in the year 1860, Wm. I. Menzies recovered, in the circuit court of Decatur county, a judgment against J. S. Douglass and William Henry, and that complainant and one Alston became their sureties upon appeal bond to the supreme court, where there was an affirmance and judgment rendered against Douglass and Henry and complainant and Alston for $707.47 at the April term, 1861.

This statement of the bill is (evidently by inadvertence) incorrect. The judgment of this court, 3d

of April, 1861, was against Douglass and Henry for $707.47 and $34.37, being 12½ per cent. damages, and for $250 only of said sum judgment was also rendered against said Alston and complainant.

The bill was filed September, 1874, for the purpose of enjoining an execution issued upon said judgment on the — day of July, 1874, upon the ground, first, that a former execution, issued in the year 1861 or 1862, had been levied upon personal property of Douglass of value sufficient to satisfy it, and that the same had been released or abandoned without his knowledge or assent, either by the direction of Menzies or by the fault of the officer. It is further charged, that Douglass had died and his estate had been administered so as to leave a surplus for distribution among his heirs and distributees; that at least $700 of the judgment has been paid, and there was a receipt out for that amount, if not for the whole of said judgment, which he hopes to be able to find or prove. Again, it is charged that there was a compromise, by which the defendants were to pay the principal of the judgment and the plaintiff was to lose the interest.

The bill attaches a fund in the chancery court belonging to Wm. Henry, who has removed from the State, and prays that the same be applied to the payment of the judgment in the event complainant is not discharged, Henry being, as claimed, in any event, liable before complainant.

The administrator of Menzies' estate (he having died) admits in his answer the receipt of $707.42 on

the judgment from the estate of Douglass, but denies: that complainant was thereby released from the balance, and denies the other equities of the bill.

Henry answered, insisting that he ought also to be released for the reasons stated in complainant's bill, as he was only the surety of Douglass on the note upon which the judgment was originally obtained. He prays that his answer be taken as a cross-bill, praying for the same relief; but it does not appear that any steps were taken to prosecute it as a cross-bill. No process was issued upon it, or was it answered, and it can therefore only be regarded as an answer.

Early in the progress of the cause the chancellor made an order dissolving the injunction so far as to allow the administrator of Menzies to receive from the clerk and master a sufficient amount of the funds of Henry, which had been attached in the case, to satisfy the balance of the judgment, upon executing a refunding bond. The administrator, however, seems not to have availed himself of this privilege, and on final hearing the chancellor held that complainant was entitled to an injunction, and so decreed, and directed that the funds of Henry be released and paid to him.

In December, 1870, the estate of Douglass was being administered in the chancery court, when this debt was reported in favor of the executor of Menzies as a debt of $707.49. The report was confirmed without exception, and the sum paid. The proof shows that there was a contest in regard to whether a number of claims were filed in time, or whether the creditors have properly made themselves

parties by petition. The solicitor of Menzies proves that he feared he might be excluded if there should be a contest, and for this reason he agreed to accept the principal without interest. The several solicitors in the cause had a parol understanding as to what debts should be allowed in the report, and so directed the clerk, and his report was made accordingly. The solicitor of Menzies says he did not intend to release the other parties to the judgment from the payment of the balance. Another one of the solicitors proves that he understood another reason why the principal only of this debt was allowed was that the creditor was not entitled to interest during the war. The assets of Douglass' estate were sufficient to have paid the whole debt. Without determining the effect of the levies under the executions of 1861–2, we are of opinion that the chancellor's decree should be affirmed upon the ground that the settlement of the claim with the estate of the principal was, under the circumstances, a release of the sureties. The creditor accepted the sum mentioned from the principal debtor's representatives. It was not merely a collection of part of the debt from the principal debtor; the payment was upon a decree fixing that sum as *the whole debt,* and of course discharged the estate from all further demand on that account. The proof does not show that the creditor was driven to this compromise or that the sureties assented to it, or that it was to their interest. If the sureties should now pay the balance of the judgment, and seek recourse over against the estate of Douglass, they would be met by the

reply that the executors of Douglass had paid to the creditor the full amount of the debt due *as adjudged by a court of competent jurisdiction,* and were therefore released from further liability to the creditor or to the sureties. This, we take it, would be a good defense. And the action of the creditor having thus deprived the surety of the right of recourse upon the principal, he is now estopped from further claim against the surety.

While this question is not very fully and distinctly made in the bill, yet we think, under the circumstances, it is sufficiently made to entitle the complainant to the relief.

Decree affirmed with costs.